IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GREGORY HICKS, | : | |
| | : | CIVIL ACTION FILE NO. |
|     Plaintiff, | : | 1:05-CV-1140-GET |
| | : | |
| v. | : | [Magistrate Judge Baverman] |
| | : | |
| BELLSOUTH | : | |
| TELECOMMUNICATIONS, INC., *et al.*, | : | |
| | : | |
|     Defendants. | : | |

## ORDER AND NOTICE TO *PRO SE* PLAINTIFFS

This matter came before the Court on May 1, 2006, on the motion of Plaintiff's lawyers, Lynn H. Whatley and James Everett Voyles, to withdraw as counsel of record for Plaintiff. [Doc. 16].  Defendants also moved to dismiss for want of prosecution [Doc. 17]; to compel discovery [Doc. 18]; and to depose Plaintiff outside the discovery period. [Doc. 19].  The Court scheduled a hearing, since Plaintiff had not responded to counsel's notice to withdraw, and any resulting order granting said motion at least initially would result in Plaintiff representing himself.   [Doc. 20].  A copy of the order

AO 72A
(Rev.8/8
2)

setting the hearing was sent by certified mail to Plaintiff's last known address, which was provided by his counsel.  [Doc. 21].[1]

Plaintiff did not appear at the hearing, and his counsel represented that the last time he had any contact with him was early fall 2005.  The last mailed communication to him from counsel was returned.  Plaintiff has failed to cooperate with counsel.

Accordingly, the Court **GRANTS** the motion to withdraw as counsel as unopposed.  [Doc. 16].  The Clerk is **DIRECTED** to strike Plaintiff's lawyers and their law firms from the docket as counsel of record for Plaintiff.

The Clerk is **FURTHER DIRECTED** to place upon the docket the following information for Plaintiff:

Gregory Hicks
1552 Rogers Crossing Drive
Lithonia, Georgia 30058

Plaintiff is **ORDERED** to notify the Court, with service upon defense counsel (**Ruth H. Fife, BellSouth Corp. Legal Department, 1155 Peachtree Street, N.E., Suite 1800, Atlanta, Georgia 30309**), on or before **May 22, 2006**, whether he is

---

[1]     The Court notes a discrepancy between the street address at which the notice of the hearing was directed (15*22* Rogers Crossing Drive) and the address provided at the hearing by counsel (15*52* Rogers Crossing Drive).  The Complaint shows his street address as 1552 Rogers Crossing Drive. [Doc. 1 at 1].

AO 72A
(Rev.8/8
2)

retaining new counsel, or intends to represent himself throughout the duration of this litigation. Plaintiff is **ADVISED** that failure to comply with this directive shall result in a recommendation to the District Court that the complaint be dismissed.

At the present time, the Court considers Plaintiff to be representing himself. A person has the right to represent himself or herself in court, but litigants are strongly encouraged to retain a lawyer who is knowledgeable both in the rules of evidence and procedure employed in this court and with the laws and rules surrounding the subject matter of the litigation. A party generally is not entitled to extra leeway or consideration just because the party is not represented by a lawyer.

Litigants, including Plaintiff, who proceed *pro se* are **ADVISED** that they must comply with the Federal Rules of Civil Procedure, as well as the Local Rules of this Court. Plaintiffs must familiarize themselves with the rules, as well as the laws applicable to the case. To that end, *pro se* plaintiffs may obtain certain basic materials and hand-outs from the Office of the Clerk of Court located on the 22nd Floor of the United States Courthouse, 75 Spring Street, S.W., Atlanta, Georgia. Parties are reminded that the Clerk and his deputies are not allowed to give legal advice. *Pro se* plaintiffs may also utilize the law library located on the 23rd floor at the same address, or visit the website of the Clerk, http://www.gand.uscourts.gov/.

3

P*ro se* plaintiffs also are **REQUIRED** to provide the Clerk with an original and one copy of any further pleadings or other papers filed with the Court after the Complaint and are further **REQUIRED** to **SERVE** upon the defendant(s) or counsel for the defendant(s)[2] by mail or by hand delivery under Rule 5 of the Federal Rules of Civil Procedure, a copy of every additional pleading or other paper described in Rule 5 of the Federal Rules of Civil Procedure.

Each pleading or paper described in Rule 5, including pleadings, papers related to discovery required to be served, motions, notices, and similar papers, shall include a certificate stating the date on which an accurate copy of that pleading or document was mailed or hand-delivered to the defendant(s) or their counsel.  This Court shall disregard any papers submitted which have not been properly filed with the Clerk, or which do not include a certificate of service.

Requests on procedural matters (for example, more time to file or respond to a pleading) or substantive issues (for example, to compel discovery or to not dismiss a case) must be filed with the Clerk in the form of a pleading, with a copy served upon the opposing party or lawyer.   **LETTERS SENT TO OR FAXED TO THE**

---

[2]        Once counsel for a defendant has appeared in the case, it is not necessary to serve the defendant individually; service on counsel is sufficient.

4

**COURT ARE NOT PROPER PLEADINGS, AND WILL NOT BE CONSIDERED AS SUCH**. **IN FACT, THEY WILL BE IGNORED.**

*Pro se* parties also are **ADVISED** that, under Local Rule 7, "PLEADINGS ALLOWED; FORM OF MOTIONS," if the deadline for a response to a motion passes without a response being filed, the motion is deemed unopposed. *See* Local Rule 7.1B. Furthermore, under Local Rule 56.1, relating to motions for summary judgment and responses thereto, the failure by a party opposing the motion for summary judgment to controvert each factual statement contained in the statement of material facts not in issue, filed by the party in favor of the motion, will be taken as an admission of those facts if the party opposing the motion does not specifically controvert those assertions as required by the local rules.

Plaintiffs are further **REQUIRED** to keep the Court advised of their current address and telephone number(s) at all times during the pendency of the lawsuit. Failure to advise the Court, the Clerk of Court and opposing counsel/party, in writing, **within 5 days** of any change in address or telephone, may result in sanctions being imposed, including dismissal of the complaint, the striking of a pleading, or adverse judgment being entered.

5

Defendants' motions [Docs. 17, 18 and 19] are **HELD IN ABEYANCE** at this time.  The Court understands Defendants' frustration , however the Court concludes that more direct evidence of Plaintiff's alleged contumacious behavior is necessary before his complaint may be dismissed.  Discovery is **EXTENDED** to May 31, 2006, in order to give Plaintiff an opportunity to respond to this order.   The Clerk is **DIRECTED** to serve Plaintiff by certified mail return receipt requested at **1552 Rogers Crossing Drive, Lithonia, Georgia 30058**.   The Clerk is **FURTHER DIRECTED** to resubmit this matter to the undersigned on May 23, 2006.

**IT IS SO ORDERED and DIRECTED**, this the 1st day of May, 2006.


*S/ Alan J. Baverman*
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

6